**Law Office of Dennis O. Cohen, PLLC**
157 13th Street
Brooklyn, NY 11215
**(646) 859-8855**
**dennis@denniscohenlaw.com**

April 24, 2020

VIA ECF

The Honorable Paul A. Engelmayer
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

Re: *AmTrust North America, Inc. v. MBA Network, LLC*, No 1:18-cv-06241 (PAE) (RWL)

Dear Judge Engelmayer:

I write on behalf of plaintiff AmTrust North America, Inc. ("AmTrust") pursuant to Rules 4(B)(2) and 3(I) of this Court's Individual Rules and Practices in Civil Cases in order to seek permission to file redacted versions of the attached documents: Memorandum of Law in Support of Motion to Enforce Settlement Agreement ("MOL"), Declaration of Harry Schlachter in Support of Motion to Enforce Settlement Agreement ("Schlachter Decl."), and Exhibits D and E to the Declaration of Dennis O. Cohen in Support of Motion to Enforce Settlement Agreement ("Cohen Decl."). (All documents are attached hereto as one document, with proposed redactions highlighted in the non-public version.) In the alternative, AmTrust seeks an order unsealing the September 13, 2019 Settlement Agreement and Mutual Release ("Settlement Agreement") or otherwise permitting AmTrust to file unredacted versions of the attached documents.

This letter-motion is filed in an abundance of caution, as AmTrust would prefer to file the attached documents publicly. The proposed redactions are limited solely to those portions of the attached documents that refer to redacted portions of the Settlement Agreement.

This Court approved the parties' prior letter-motion to redact confidential portions of the Settlement Agreement. (Doc. # 41.) This Court also so-ordered the Settlement Agreement. (Doc. # 44.) Because the Settlement Agreement contains a confidentiality clause, and because it was so-ordered by this Court, AmTrust believes a party should not unilaterally make the redacted information public. However, AmTrust believes that the reasons that originally justified redaction from public view are now outweighed by the necessity to enforce the Settlement Agreement swiftly and efficiently. Further, any interest the other parties to the Settlement Agreement once had in keeping portions confidential are negated by their breach, which is the subject of the attached documents.

The Honorable Paul A. Engelmayer

### A. Procedural History

Parties AmTrust and MBA Network, LLC ("MBA"), along with MBA's president and owner Forrest Reynolds, entered into the Settlement Agreement on the record at a September 13, 2019 mediation before Magistrate Lehrberger, which was subsequently memorialized in a writing. The Settlement Agreement contained a confidentiality clause, and also contained a clause indicating that this Court would so-order it and retain jurisdiction to enforce it. The confidentiality clause states in particular:

> For the avoidance of doubt, nothing in this Settlement Agreement prevents either Party from filing this Settlement Agreement publicly with the S.D.N.Y. in order for it to retain jurisdiction over the Litigation.

(Settlement Agreement ¶ 9.)

This Court ordered on or about September 16, 2019 that it would not retain jurisdiction to enforce the Settlement Agreement unless it was made part of the public record, absent further order. In a letter dated October 10, 2019, AmTrust, with the consent and agreement of MBA and Mr. Reynolds, sought such an order, to permit limited redactions. (Doc. # 39.)

The October 10 letter explained that "the parties have agreed to file the Settlement Agreement publicly if sealing is not permitted." As described above, that agreement is contained in the Settlement Agreement itself. The letter further explained that the purpose of permitting public filing (which would functionally negate the confidentiality clause) was "an acknowledgement of the paramount need for the Court to retain jurisdiction over this Settlement Agreement."

On October 15, 2019, this Court endorsed the October 10 letter (Doc. # 40), and later that day permitted limited redactions of the publicly-filed version of the Settlement Agreement (Doc. # 41). On October 16, 2019, this Court so-ordered the Settlement Agreement. (Doc. # 44.)

Subsequently, MBA and Mr. Reynolds have breached the Settlement Agreement. AmTrust now must seek this Court's assistance to enforce it. That forthcoming motion requires the description of the redacted portions of the Settlement Agreement, necessitating this letter-motion. Attached to this letter is a copy of certain of the forthcoming motion papers, with proposed redactions on pages 3, 5-8, and 10 of the MOL, page 1 of the Schlachter Decl., pages 2 and 3 to Exhibit D to the Cohen Declaration (the Settlement Agreement), and page 2 of Exhibit E to the Cohen Decl. (the notice of default).

### B. Legal Background

Federal Rule of Civil Procedure 5.2(d) provides that a court "may order that a filing be made under seal without redaction." Where a document under consideration to be sealed constitutes a judicial record, a right of public access is presumed under both the common law and the First Amendment. *See Newsday, LLC v. County of Nassau*, 730 F.3d 156, 163 (2d Cir. 2013).

The common law test is a two-factor balancing test: "(a) the role of the material at issue in the exercise of Article III judicial power and (b) the resultant value of such information to

The Honorable Paul A. Engelmayer

those monitoring the federal courts." *See id.* at 164 (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

The relevant First Amendment test is the "experience and logic" test, applying to judicial documents, which examines "both whether the documents have historically been open to the press and general public and whether public access plays a significant positive role in the functioning of the particular process in question." *See Newsday* at 164 (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006)).

Courts in this district have taken a fact-specific approach to confidentiality in the context of enforcement of a settlement agreement. In *United States v. Erie Co., N.Y.*, 763 F.3d 235, 244 (2d Cir. 2014), the Second Circuit found that compliance reports filed in connection with a settlement agreement should not have been sealed. Notably, when determining that the reports were judicial documents, the court leaned heavily on the fact that the district court could have relied on them when exercising its own power to enforce the settlement agreement, even though no such proceeding occurred. *Id* at 240. Conversely, in *Pullman v. Alpha Media Pub., Inc.*, 624 Fed.Appx. 774, 779 (2d Cir. 2015), the Second Circuit found that it was not an abuse of discretion to seal the transcript of a settlement conference. There, the court was swayed by the fact that the transcript was not material when motions to enforce the settlement agreement were in fact decided. *Id.*

    C. **Application to The Attached Documents**

AmTrust believes that this case is closer to *Erie Co.* than to *Pullman*, because the AmTrust's own interest in the ongoing confidentiality of the Settlement Agreement is low. While the parties, including AmTrust, advocated for sealing the Settlement Agreement when it was submitted, even then they acknowledged that their interest in confidentiality was outweighed by their interest in this Court's ongoing enforcement jurisdiction. The subsequent non-compliance by MBA and Mr. Reynolds tips the scales away from confidentiality. While the forthcoming Motion to Enforce the Settlement Agreement could technically be litigated using sealed filings, such procedures are not conducive to the motion process or subsequent proceedings in this or other courts, as may be necessary.

We thank the Court for its attention to this letter-application.

Respectfully submitted,

Dennis O. Cohen                                                         4/27/2020

The Court has reviewed the proposed redactions. For the reasons set forth above, the Court grants plaintiff's request to file unredacted versions of the documents relating to plaintiff's motion to enforce the settlement agreement. In the alternative, plaintiff may file versions redacting only account number information.

Defendant's opposition, if any, to the motion to enforce the settlement agreement is due May 11, 2020. Plaintiff's reply, if any, is due May 18, 2020.

SO ORDERED.

                              *Paul A. Engelmayer*
                              PAUL A. ENGELMAYER
                              United States District Judge